Dwight A. Williams, Patricia Clarke, *Plaintiffs in Propria Persona*
7608 Aquatic Drive
Arverne, New York [11692]

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

Dwight A. Williams, a man,
Patricia Clarke, a woman,

     *Plaintiffs ,*

    -against-

BAYVIEW LOAN SERVICING, LLC,
KNUCKLES, KOMOSINSKY & ELLIOTT, LLP,

     *Defendants.*

---------------------------------------------------------------x

CASE NO.

**VERIFIED COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

    COMES NOW, the Plaintiffs Dwight A. Williams and Patricia Clarke complaining of the defendants and each of them as follows;

## INTRODUCTION

    1. This action is an action brought by the Plaintiffs for violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, New York GBS. Law §349 Deceptive Acts and Practices Unlawful, and Defamation of Character respectively.

## I.             THE PARTIES

    2. Plaintiffs "Dwight A. Williams and Patricia Clarke" are now and at all times relevant to this action American Nationals. Plaintiffs are "consumers" as that term is defined within 15 U.S.C. §1692(a)(3).

3. Defendants: "BAYVIEW LOAN SERVICING, LLC" ("Debt Collector") is a limited liability corporation formed under the laws of the state of Florida. It has a principle place of business located at 4425 Ponce de Leon Boulevard, 4th Floor, Coral Gables, FL 33146; KNUCKLES, KOMOSINSKI & ELLIOTT, LLP ("Debt Collector") is a limited liability partnership formed under the laws of the state of New York. It has a principle place of business located at 565 Taxter Road, Suite 590, Elmsford, NY 10523. Defendants BAYVIEW LOAN SERVICING, LLC and KNUCKLES, KOMOSINSKI & ELLIOTT, LLP are "debt collectors" as that term is defined by 15 USC §1692(a)(6).

## II.                              JURISDICTION AND VENUE

4. The UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK has jurisdiction pursuant to 15 U.S.C. §1692 et al, and 15 U.S.C. §1681 et al, and the court has concurrent jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state of NEW YORK. Therefore, venue is proper in the UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK.

## III.                              FACTUAL ALLEGATIONS

5. Plaintiffs bring this action regarding the defendants and each of them, in their continued attempts to collect an alleged debt defendants claim is owed them. However, Plaintiffs are without knowledge of the alleged debt defendants claim is owed.

6. On or about May 14, 2013, Plaintiffs received an Order of Dismissal from the SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS for a foreclosure action filed by defendant (debt collector) KNUCKLES, KOMOSINSKI &

ELLIOTT, LLP (see attached "Exhibit 1"). The Order of Dismissal makes reference to failure to comply twice with court orders. The alleged debt, mortgage, and or deed of trust was defaulted in January 2011 by CITIMORTGAGE, INC. who refused to verify/validate their alleged debt pursuant to 15 U.S.C. §1692(g). On or about May 26, 2011, CITIMORTGAGE, INC. sent Plaintiffs a letter re the alleged mortgage was still in default and had been referred to KNUCKLES & KOMOSINSKI, P.C. for foreclosure proceedings (see attached "Exhibit 2").

7. On or about September 12, 2013, CITIMORTGAGE sent Plaintiffs a dunning letter claiming the alleged debt, never verified or validated pursuant to 15 U.S.C. §1692(g), was service released from CITIMORTGAGE, INC. to BAYVIEW LOAN SERVICING, LLC [in DEFAULT] effective July 27, 2013 (see attached "Exhibit 3").

8. On or about January 13, 2014, BAYVIEW LOAN SERVICING, LLC sent Plaintiffs a dunning "Notice of Default and Intent to Accelerate" on their alleged debt that previously had been defaulted by CITIMORTGAGE in January 2011 (without verification or validation pursuant to 15 U.S.C. §1692(g), (see attached "Exhibit 4").

9. BAYVIEW LOAN SERVICING, LLC sent Plaintiffs dunning letters every month beginning December 2013 to November 2014 (see attached "Exhibit 5). Plaintiffs, in response to defendant's harassing and threatening dunning letters, on November 10, 2014 served upon them a Notice of Dispute, Demand for Verification/Validation of Alleged Debt pursuant to 15 U.S.C. §1692, FDCPA (see attached "Exhibit 6"). The notice required the defendant "debt collector' to verify/validate their alleged debt pursuant to 15 U.S.C. §1692(g).

10. On or about November 29, 2014, Plaintiffs received a response from BAYVIEW

COMPLAINT FOR DAMAGES

LOAN SERVICING, LLC stating they received our inquiry. The proffered letter failed to prove the existence of the alleged debt owed to either defendant (see attached "Exhibit 7").

11. On or about November 9, 2014, the Plaintiff(s) obtained their consumer credit reports from the three (3) major reporting credit bureaus Equifax, Experian, and Transunion. Plaintiff(s) discovered defendant BAYVIEW LOAN SERVICING, LLC is reporting this alleged debt to all three credit reporting agencies (see attached "Exhibit 8"). Plaintiff(s) on November 10, 2014 immediately filed disputes with the credit agencies pursuant to 15 USC §1681, the FCRA. On or about December 11, 2014 (30 days later) the three major credit reporting agencies after conducting an investigation with the credit furnisher (defendant debt collector) that the alleged debt was valid, and determined to be owed by Plaintiff(s).

12. Plaintiffs have suffered significant economic harm as a result of the erroneous credit reporting and failure to verify and or validate their alleged debt although requested.

13. KNUCKLES, KOMOSINSKI & ELLIOTT, LLP has filed a second foreclosure action on behalf of BAYVIEW LOAN SERVICING, LLC (Index No. 707826-2014) in the SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS, attempting to collect an alleged debt (in default, for a second time) that was never verified/ validated pursuant to 15 U.S.C. §1692(g), 15 U.S.C. §1692(a)(4) and 15 U.S.C. §1692(i)(b).

14. On or about November 24, 2014, Plaintiffs responded by serving KNUCKLES, KOMOSINSKI & ELLIOTT, LLP an Affidavit of Verified Facts disputing their alleged debt pursuant to 15 U.S.C. §1692(g) (see Exhibit 9).

15. The above-detailed conduct by each of the Defendants has more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any

legitimacy of their alleged debt. The FCRA, FDCPA and New York GBS. Law §349 (Deceptive

Acts and Practices Unlawful), relates to the defendants even if they were collecting a legitimate

debt. Plaintiffs allege for the record that neither defendants are creditors, Lenders, nor

Mortgagees, neither did any of the defendants provide any credit or services to Plaintiffs.

Nonetheless, each of the defendants are "debt collectors" pursuant to 15 U.S.C. §1692(a)(6).

Plaintiffs allege the FDCPA states in part; The term "debt collector" means any person who

uses any instrumentality of interstate commerce or the mails in any business the principal

purpose of which is the collection of any debts, or who regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding

the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes

any creditor who, in the process of collecting his own debts, uses any name other than his own

which would indicate that a third person is collecting or attempting to collect such debts. For

the purpose of section 808(6), such term also includes any person who uses any instrumentality

of interstate commerce or he mails in any business the principal purpose of which is the

enforcement of security interests.

16. Plaintiffs therefore seek damages as a result of defendants acts.

IV.                        **FIRST CAUSE OF ACTION**
**VIOLATION OF 15 U.S.C.§1681i FAIR CREDIT REPORTING ACT**
**(DEFENDANT)**

17. Paragraphs 1-16 are re-alleged as though fully set out herein.

18. Plaintiffs are "consumers" within the meaning of the FCRA, 15 U.S.C.§1681(a)(c).

19. Defendants "DEBT COLLECTORS" are "credit furnishers" within the meaning of

15 U.S.C.§1681(a)(c). 15 USC§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his or her credit information or history, FCRA, 15 USC§1681s-2(a)(1)-(3). Plaintiffs consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681(a)(d).

20. The FCRA, 15 U.S.C. 1681s-2(b), has Obligations regarding credit furnishers to investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. §1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under §1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

(1) to conduct "an investigation" with respect to the disputed information;

(2) to "review all relevant information" provided by the credit reporting agency;

(3) to "report the results of its investigation" back to the credit reporting agency;

(4) if the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and

(5) to "modify, . . .delete. . .or. . .permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. § 1681s-2(b)(1).

21. In §1681s-2(b), duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does not trigger a furnisher's duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation under the FCRA to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. Such a dispute, it should be noted, likely does create a legal obligation under §1692(g) of the FDCPA which Plaintiffs served upon defendants "DEBT COLLECTORS."

22. Plaintiffs notified Defendants "DEBT COLLECTORS" of its dispute by mail, and Defendant "DEBT COLLECTOR" also received notice from the three major credit reporting agencies Equifax, Experian and Transunion. Defendant "DEBT COLLECTOR" failed to delete information found to be inaccurate and erroneous, and or failed to properly investigate Plaintiffs disputes.

23. Plaintiffs allege that at all relevant times Defendant "DEBT COLLECTOR" failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs credit reports, concerning the accounts in question, violating 15 U.S.C. §1681(e)(b).

Plaintiffs allege that Defendant "BVLS" failed to conduct a proper and lawful reinvestigation.

COMPLAINT FOR DAMAGES

24. All actions taken by the Defendant "DEBT COLLECTOR" and Equifax, Experian, and Transunion were done with malice, were done willfully, and were done with either the desire to harm Plaintiffs and/or with the knowledge that their actions would very likely harm Plaintiffs and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendant and each of their acts constitutes multiple willful non-compliance with FCRA.

25. All of the violations of the FCRA proximately caused the injuries and damages to Plaintiffs as set forth in this Complaint. The FCRA requires the following of Equifax, Experian, and Transunion;

(2) Prompt Notice of Dispute to Furnisher of Information

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph

(1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(B) Provision of other information. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph

(1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of Inaccurate or Unverifiable Information

(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall;

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of their investigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

26. Plaintiffs have been significantly harmed by defendant due to erroneous reporting of the alleged debt. Due to defendants acts, Plaintiffs have suffered damages that led to multiple denials of credit. The multiple denials of credit were a direct reflection of defendant's erroneous credit reporting. Plaintiffs are entitled to actual damages for those creditors who denied Plaintiffs credit based on a deteriorated credit score and credit worthiness. Defendant's negligent and noncompliant acts may have been a direct violation of 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o) respectively.

27. Therefore, Plaintiffs demand judgment for damages against Defendant "DEBT COLLECTOR" for actual damages, punitive damages, and statutory damages of $1000.00, attorney fees, and costs pursuant to 15 U.S.C. §1681(n), and 15 U.S.C. §1681(o).

**V.**              **THIRD CAUSE OF ACTION**
                    **INVASION OF PRIVACY**
                    **(DEFENDANT)**

28. Paragraphs 1-27 are re-alleged as though fully set out herein.

29. Defendants "DEBT COLLECTORS" are "debt collectors" and a stranger to the

Plaintiffs. Plaintiffs have no contractual relationship with defendants "DEBT COLLECTORS"

and have never applied for credit or services with the defendants.

30. On or about October 1, 2013 defendant "DEBT COLLECTOR" illegally obtained

Plaintiffs consumer credit report(s) (see "Exhibit 8"). Defendant DEBT COLLECTOR is not a

creditor, therefore, the illegal obtaining of Plaintiffs consumer credit report(s) constitutes a Tort

claim for Invasion of Privacy.

31. Plaintiffs right to privacy are also an enumerated Constitutional right, both in the

State and Federal Constitutions. Plaintiffs have been damaged in that their proprietary,

confidential, most personal information was unlawfully and illegally breached by defendant

"DEBT COLLECTOR." Importantly, Plaintiffs are most concerned with the fact that Plaintiffs

"did not" provide their social security number(s) to either defendants "DEBT COLLECTORS."

Plaintiffs support this assertion by the mere fact that no credit, application or services was

applied nor received from the defendants "DEBT COLLECTORS."

32. Plaintiffs have a right to discovery, to determine where and how Defendants obtained

their personal, private information. Specifically, Plaintiffs will investigate through discovery

where defendants obtained Plaintiffs social security numbers from, and what additional

proprietary information was obtained by the defendants illegally and unlawfully, and how that

information is being used. Defendants "DEBT COLLECTORS" may also be guilty of identity

theft under state and federal law.

33. Therefore, defendants "DEBT COLLECTORS" are liable to Plaintiffs for actual, punitive, consequential, compensatory damages in an amount determine at trial, or by the court.

**VI.**                        **FOURTH CAUSE OF ACTION**
                           **NEW YORK GBS. LAW§349**
                **DECEPTIVE ACTS AND PRACTICES UNLAWFUL**
                           **(ALL DEFENDANTS)**

34. Paragraphs 1-33 are re-alleged as though fully set out herein.

35. Plaintiffs are consumers as defined with New York GBS. Law §349, defendants are business enterprises as defined in New York GBS. Law §349. Defendants alleged debt is a consumer transaction, and consumer acts or practices in trade or commerce. This Act protects "consumers and legitimate business enterprises" by forbidding and declaring unlawful any "unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce."

36. Plaintiffs as a condition precedent sent Notice to each defendant in compliance with New York GBS. Law §349 (see "Exhibits 6 & 9"). Therefore, each defendant was afforded ample opportunity to comply with the provisions set forth in New York GBS. Law §349.

37. Defendants intentional acts of providing multiple erroneous, fabricated amounts allegedly due and owing constitutes an intentional, willful violation of the act (see, "Exhibits 4, 5, 8"). Plaintiffs, even if the debt was legitimate, could make no true accounting of the amounts alleged by defendants. Plaintiffs, on multiple occasions, offered to pay the alleged debt if defendants could validate, and or provide a sensible computation of the amounts alleged to be due and owing.

38. Notwithstanding, neither of the defendants claims has any merit, and due to the defendant debt collectors misrepresentation of the character and amount of the alleged debt, Plaintiffs are/were unable to make a legal or lawful determination in an effort to possibly satisfy the alleged debt if legitimate.

39. Plaintiffs were significantly harmed by defendants deceptive acts, oppression, abusive debt collection activities. Plaintiffs harm includes emotional distress, confusion, anxiety, mental anguish, significant harm to Plaintiffs consumer purchasing power, embarrassment, extension abusive litigation and costs, and humiliation.

40. Defendants are therefore liable to Plaintiffs, and Plaintiffs are entitled to recover compensatory damages and reasonable attorneys' fees, New York GBS. Law §349, and in the event of an intentional violation, treble damages, New York GBS. Law §349(h).

VI.               **FIFTH CAUSE OF ACTION**
**NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND**
**SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS, AND**
**(DEFENDANT)**

41. Paragraphs 1-40 are re-alleged as though fully set out herein.

42. Defendants "DEBT COLLECTORS" were aware of their wrongful conduct in creating an alleged debt Plaintiffs are not obligated to, or are not able to discern the amount and character of the alleged debt. Defendants knew and approves of its incompetent employees and agents, attorney debt collectors, and debt collection agency to whom they sold the alleged debt to, who are involved in debt collection against the Plaintiffs. Defendants "DEBT COLLECTORS" negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent debt collectors in defendants "DEBT COLLECTORS," whom were

allowed, or encouraged to violate the law as was done to the Plaintiffs. Defendants ""DEBT

COLLECTORS" are therefore responsible and liable to the Plaintiffs for the wrongs committed

against them, and the substantial damages suffered by Plaintiffs.

43.Therefore, Plaintiffs are entitled to punitive, consequential, actual, and special

damages, and any other such damages the court deems necessary.

**VII.                         SEVENTH CAUSE OF ACTION**
**VIOLATION OF 15 USC 1692, FAIR DEBT COLLECTIONS PRACTICES ACT**
**(ALL DEFENDANTS)**

44. Paragraphs 1-43 are re-alleged as though fully set out herein.

45. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully

set forth herein.

46. Plaintiffs are "consumers" as defined in 15 U.S.C. §1692(a)(3). Defendants "DEBT

COLLECTORS" are "debt collectors as defined in 15 U.S.C. §1692(a)(6). Defendants were

attempting to collect a debt for "household purposes 15 USC §1692(a)(5).

47. Plaintiffs served defendants and each of them were served with a Notice of Dispute in

compliance with 15 U.S.C. §1692(g). 15 U.S.C. §1692(g) requires defendants to provide

Plaintiffs with verification of the alleged debt once received. 15 U.S.C. §1692(g)(5)(b) requires

defendants to cease all collection activity until the debt collector obtains verification of the

alleged debt. Defendants and each of them has failed to provide one scintilla of proof of their

alleged debt. However, defendants continue to make attempts at collection of the alleged debt

through erroneous credit reporting and repeated use of the state courts to make attempts at

collection of the alleged debt.

48. Defendants violated the FDCPA, and caused damages to Plaintiffs by their failure to

comply with the Act. Defendants violations include, but are not limited to the following;

a. Defendants violated 15 U.S.C. §1692(d) of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

b. Defendants violated 15 U.S.C. §1692(j) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;

c. Using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692(f);

d. Defendants violated 15 U.S.C.§1692(e)(8) which requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know' that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is "acquired."

49. Specifically, defendants "DEBT COLLECTORS" knew it was not entitled to collect on the non-existent debt.

50. Defendants were fully aware that each of them were/are unable to provide a performance contract executed by Plaintiffs, whereby Plaintiffs are obligated to defendants.

51. Therefore, defendants are liable to Plaintiffs for damages to their consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of emotional distress, insomnia, embarrassment, loss of sleep, anxiety, mental anguish and other related damages due to defendants acts.

52. Defendants are therefore liable unto Plaintiffs pursuant to 15 U.S.C. §1692(k) in the

amount of $1000.00 plus punitive, consequential, and actual damages.

Dated: December 22, 2014

**Executed Pursuant to 28 U.S.C. §1746(1)**

BY: _Dwight A. Williams_                   _Patricia Clarke_
     Dwight A. Williams, Consumer Plaintiff      Patricia Clarke, Consumer Plaintiff
     7608 Aquatic Drive                        7608 Aquatic Drive
     Arverne, New York [11692]                  Arverne, New York [11692]
     Contact: 718-554-5626                      Contact: 718-554-5626

EXHIBIT 1
EXHIBIT 2
EXHIBIT 3
EXHIBIT 4
EXHIBIT 5
EXHIBIT 6
EXHIBIT 7
EXHIBIT 8
EXHIBIT 9

CERTIFICATE OF SERVICE;

I certify that a copy of the Summons and Complaint will be served upon defendants listed

below in compliance with FRCP Rule 4; Counsel for Plaintiffs:

BAYVIEW LOAN SERVICING, LLC

KNUCKLES, KOMOSINSKI & ELLIOTT, LLP

**EXHIBIT 1**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS – FORECLOSURE PART
PRESENT:  HON. MARGUERITE A. GRAYS
-----------------------------------------------------------------------X

CITIMORTGAGE, INC.

                        Plaintiff(s),                  Index No. :  0026356/2011

        -against-

                                         ORDER OF DISMISSAL

WILLIAMS, DWIGHT ETAL

                        Defendant(s).

-----------------------------------------------------------------------X

Upon review of the attached report of the Chief Clerk dated **April 18, 2013**, is is hereby:

ORDERED, that the report of the Chief Clerk dated **April 18, 2013** is hereby

confirmed and it is further;

ORDERED, that the above captioned matter is dismissed without prejudice, and it is further,

ORDERED, that the Queens County Clerk is directed, upon payment of the proper fees, if any, to cancel

and discharge of record, all the Notices of Pendency filed in this action on **November 21, 2011** against the

property known commonly as **7608 Aquatic Drive, Arverne, Queens, New York**, BLOCK **16091** and LOT **21,**

formerly part of Lot 6, and said clerk is hereby directed to enter upon the marginof the record of the same, a

notice of cancellation referring to this Order.

The foregoing constitutes the Order of this Court.

Dated:  **APR 2 3 2013**

                                         MARGUERITE A. GRAYS
                                            J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

CITIMORTGAGE, INC.

                                 Plaintiff(s),

        -against-

WILLIAMS, DWIGHT ETAL

                             Defendant(s).

-------------------------------------------------------------------X

Index No.:   0026356/2011

IAS Justice:  THOMAS D. RAFFAELE

HEAR AND REPORT
RECOMMENDING
DISMISSAL

By Order of the Court dated **October 18, 2012**, the above-captioned action was set down for a status conference to be held in Status Conference Part F on **January 31, 2013**.

Status conferences having been held on **January 31, 2013 and April 18, 2013** in accordance with the court orders dated **October 18, 2012 and January 31, 2013**; and

☐    Plaintiff having failed to appear.

☒    Plaintiff having appeared by  __KNUCKLES, KOMOSINSKI, & ELLIOT_____ ; and

☒    Plaintiff having failed to comply with the previous court orders dated **October 18, 2012 and January 31, 2013**, for the following reason(s):

_Plaintiff failed to file the Order of Reference, as previously directed by the Court, without good cause shown._

Now, after conference, I recommend that it is hereby

ORDERED that the above captioned matter is dismissed without prejudice, and it is further

ORDERED that the Queens County Clerk is directed, upon payment of the proper fees, if any, to cancel and discharge the Notice of Pendency filed in this action on **November 21, 2011**, against the property located at **7608 Aquatic Drive, Arverne, Queens, New York,**

Index # : 0026356/2011

known as BLOCK 16091 and LOT 21, formerly part of Lot 6, and said Clerk is hereby directed to enter upon the margin of the record of the same, a notice of cancellation referring to this Order.

Dated: _____ 4/18/2013 _____

Tracy Catapano-Fox
Chief Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X

CITIMORTGAGE, INC.

         Plaintiff(s),

   -against-

WILLIAMS, DWIGHT ETAL

         Defendant(s).

-----------------------------------------------------------------X

Index No.: 0026356/2011

IAS Justice: THOMAS D. RAFFAELE

**HEAR AND REPORT**
**RECOMMENDING**
**DISMISSAL**

2013 MAY -8 PM 3: [illegible]

QUEENS COUNTY CLERK FILED

  By Order of the Court dated **October 18, 2012**, the above-captioned action was set down for a status conference to be held in Status Conference Part F on **January 31, 2013**.

  Status conferences having been held on **January 31, 2013 and April 18, 2013** in accordance with the court orders dated **October 18, 2012 and January 31, 2013**; and

  ☐ Plaintiff having failed to appear.

  ☒ Plaintiff having appeared by  <u>KNUCKLES, KOMOSINSKI, & ELLIOT</u>  ; and

  ☒ Plaintiff having failed to comply with the previous court orders dated **October 18, 2012 and January 31, 2013**, for the following reason(s):

<u>Plaintiff failed to file the Order of Reference, as previously directed by the Court, without good cause shown.</u>

  Now, after conference, I recommend that it is hereby

  ORDERED that the above captioned matter is dismissed without prejudice, and it is further

  ORDERED that the Queens County Clerk is directed, upon payment of the proper fees, if any, to cancel and discharge the Notice of Pendency filed in this action on **November 21, 2011**, against the property located at **7608 Aquatic Drive, Arverne, Queens, New York,**

Index # : 0026356/2011

known as BLOCK 16091 and LOT 21, formerly part of Lot 6, and said Clerk is hereby directed to enter upon the margin of the record of the same, a notice of cancellation referring to this Order.

Dated: _____4/18/2013_____

Tracy Catapano-Fox
Chief Clerk

2013 MAY -8 PM 3: 14

QUEENS COUNTY CLERK
FILED

**EXHIBIT 2**



May 26, 2011


DWIGHT WILLIAMS
PATRICIA CLARKE
7608 AQUATIC DRIVE
ARVERNE NY   11692-2015


RE:     7608 AQUATIC DRIVE
          ARVERNE NY   11692
          CMI LOAN #: 2003784964

Dear Mortgagor:

This letter will serve as notice that your mortgage is still in default.   All reasonable efforts afforded you to cure this default have failed.

Your loan has been referred to the following legal firm to begin foreclosure proceedings:

                                  Knuckles & Komosinski, P.C.
                                  565 Taxter Road
                                  St. 590
                                  Elmsford NY 10523-
                                  (914)345-3020

If you have any questions regarding foreclosure proceedings on your mortgage, please contact the above attorney.

Sincerely,

Foreclosure Department

In the event you are subject to an Automatic Stay issued by a United States Bankruptcy Court or the referenced debt has been discharged in Bankruptcy, this communication is not intended to collect a debt.

**EXHIBIT 3**



CitiMortgage

September 12, 2013

Dwight Williams
Patricia Clarke
7608 Aquatic Drive
Arverne, NY 11692

RE:     CitiMortgage Account Number: 2003784964

Dear Mr. Williams and Ms. Clarke,

This letter is in response to your inquiry addressed to the Consumer Financial Protection Bureau received on August 30, 2013, and to Michael Corbat, Chief Executive Officer of Citigroup and Sanjiv Das, former Chief Executive Officer of CitiMortgage, Inc. received on September 4, 2013.  Thank you for allowing our office this opportunity to address your concerns.

Please be advised that as of July 27, 2013, your mortgage loan account was service released to Bayview Loan Servicing, LLC.  Enclosed is a copy of the July 11, 2013, letter that was sent to notify you of this transfer of service.  As CitiMortgage is no longer the servicer on your loan, you will need to direct any questions or concerns to Bayview Loan Servicing, LLC.

Future correspondence can be directed to your new servicer at the following address:

Bayview Loan Servicing, LLC.
62516 Collection Center Drive
Chicago, IL 60693

We value your business and look forward to serving you in the future.

Sincerely,

Julie Latessa
Executive Response Unit

Enclosure

cc:     Consumer Financial Protection Bureau
        Michael Corbat



*Calls are randomly monitored and recorded for quality assurance. CitiMortgage is a debt collector and any information obtained will be used for that purpose. ©2013 CitiMortgage, Inc. CitiMortgage, Inc. does business as Citicorp Mortgage in NM. CitiMortgage, Inc. is an equal housing lender.

CitiMortgage
P.O. Box 6243
Sioux Falls, SD 57117-6243


www.citimortgage.com

July 11, 2013

DWIGHT WILLIAMS
PATRICIA CLARKE
7608 AQUATIC DRIVE
ARVERNE, NY 11692-2015

Current CitiMortgage Account Number: 2003784964

Dear CitiMortgage Client(s):

CitiMortgage, Inc. wants to take this opportunity to say "thank you". Effective July 27, 2013, your mortgage loan servicing will be transferred from CitiMortgage to Bayview Loan Servicing, LLC. This transfer does not affect the terms or conditions of your loan documents other than the terms directly related to who is servicing your loan.

Below is a summary of information and tools that will assist you in making this transition as smooth as possible.

- **Monthly Payments**: Effective July 27, 2013, all payments should be sent to Bayview Loan Servicing, LLC. Any payments we receive after this date will be forwarded to your new servicer. The address for Bayview Loan Servicing, LLC is:

    BAYVIEW LOAN SERVICING, LLC
    62516 COLLECTION CENTER DRIVE
    CHICAGO, IL 60693

- **Automatic Drafting**: If your payment is currently being automatically drafted by CitiMortgage, this service will be cancelled effective July 26, 2013. If your payment is automatically drafted by a third party, please notify them that effective July 27, 2013, payments should be sent to Bayview Loan Servicing, LLC at the address above.

- **How to Reach Us**: Prior to July 27, 2013, please call CitiMortgage at 1-800-283-7918* Monday through Friday, from 7:00 a.m. to 12:00 a.m., Saturday from 8:00 a.m. to 8:00 p.m., and on Sunday from 10:00 a.m. to 10:00 p.m., ET, if you have questions. TTY Services are also available. To access: Dial 711 from the United States or Dial 1-866-280-2050 from Puerto Rico. Effective on July 27, 2013, please call Bayview Loan Servicing, LLC at 1-800-457-5105 Monday through Friday from 8:00 a.m. to 9:00 p.m., EST.

- **Insurance**: If CitiMortgage did not receive evidence of current insurance and purchased homeowners insurance on your behalf (also known as lender-placed insurance), it will be cancelled effective with the transfer date. We recommend that you immediately contact an insurance carrier or agent of your choice to obtain any insurance coverage that you feel is appropriate to protect your interest in the property and ensure that your property is covered against loss. Lender-placed insurance may be more expensive than obtaining coverage from a carrier or agent of your choice. You will receive information directly from Bayview Loan Servicing, LLC regarding their insurance requirements.

The following Notice is required by Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. Section 2605)

NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from CitiMortgage, Inc. to Bayview Loan Servicing, LLC effective July 27, 2013.

The assignment, sale or transfer of the servicing of your mortgage loan does not affect any terms or conditions of the mortgage instruments, other than terms directly related to the servicing of your loan.

The law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

Your present servicer is CitiMortgage, Inc. If you have any questions relating to the transfer of servicing from your present servicer, call CitiMortgage at 1-800-283-7918* Monday through Friday from 7:00 a.m. to 12:00 a.m., Saturday from 8:00 a.m. to 8:00 p.m., and Sunday from 10:00 a.m. to 10:00 p.m., ET. TTY Services are also available. To access: Dial 711 from the United States or Dial 1-866-280-2050 from Puerto Rico.

Your new servicer will be Bayview Loan Servicing, LLC. The business address for your new servicer is:

BAYVIEW LOAN SERVICING, LLC
4425 PONCE DE LEON BLVD, 5TH FLOOR MAILROOM
CORAL GABLES, FL 33146

The toll-free phone number of your new servicer is 1-800-457-5105. If you have any questions relating to the transfer of servicing to your new servicer, call Bayview Loan Servicing, LLC at 1-800-457-5105 between 8:00 a.m. and 9:00 p.m. ET Monday through Friday.

The date that your present servicer will stop accepting payments from you is July 26, 2013. The date that your new servicer will start accepting payments from you is July 27, 2013. Send all payments due on or after that date to your new servicer.

If your monthly payment included the collection of optional product payments these services will not continue. The transfer of servicing rights will affect the terms of the continued availability of any optional product coverage. You should contact the provider of the optional product directly to determine your continuation privileges, if applicable.

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

"During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a 'qualified written request' to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within five Business Days of receipt of your request. A 'qualified written request' is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a 'qualified written request' regarding the servicing of your loan, it must be sent to this address:

BAYVIEW LOAN SERVICING, LLC
4425 PONCE DE LEON BLVD, 5TH FLOOR MAILROOM
CORAL GABLES, FL 33146

Not later than 30 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding your dispute. During this 30-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents. A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated."

©2013 CitiMortgage, Inc. CitiMortgage, Inc. does business as Citicorp Mortgage in NM. CitiMortgage, Inc. is an equal housing lender. Citi, Arc Design, and Citi and Arc Design are registered service marks of Citigroup Inc. *Calls are randomly monitored and recorded for quality assurance.

- **Year-End Statement**:  In January 2014, you will receive two separate year-end statements from CitiMortgage and Bayview Loan Servicing, LLC reflecting the amounts of interest and taxes you paid in 2013.

- **Home Affordable Modification Program**: If you are currently participating in (or being considered for) a loan modification program, we will transfer all your documentation to Bayview Loan Servicing, LLC. Until the transfer date, you should continue to make your payments (e.g., trial payments if attempting to qualify for a modification under the Home Affordable Modification Program) to CitiMortgage.  After transfer, you should make all payments to Bayview Loan Servicing, LLC until you are provided additional direction. Decisions regarding qualification will be made by Bayview Loan Servicing, LLC. All information regarding other loss mitigation activities (forbearance agreements, short sales, refinances and deed-in-lieu of foreclosure) will be forwarded to Bayview Loan Servicing, LLC for processing. Please be aware that this transfer may extend the time needed for a final decision.

This transfer does not affect the status of any pending bankruptcy or foreclosure proceedings.

Again, CitiMortgage would like to extend a sincere "thank you" for the opportunity to serve you.  We greatly appreciate the trust you have placed in us.

Sincerely,

CitiMortgage, Inc.

NY RESIDENTS:  You may file complaints about the servicing of your mortgage loan by CitiMortgage, Inc. with the New York State Banking Department. You may obtain further information from the New York State Banking Department by calling the Department's Consumer Help Unit at 1-877-BANK-NYS or by visiting the Department's website at www.banking.state.ny.us.

**EXHIBIT 4**

**BAYVIEW**
LOAN SERVICING

01/13/2014

WILLIAMS DWIGHT
CLARKE PATRICIA
7608 AQUATIC DR
ARVERNE, NY 11692-2015

Loan Number:        0000662355
Property Address:   7608  AQUATIC DR
                    ARVERNE, NY 11692

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

Dear WILLIAMS DWIGHT and CLARKE PATRICIA:

This letter is formal notice by Bayview Loan Servicing, LLC (herein as "BLS") that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay amounts due.

You have a right to cure your default.  To cure the default, you must pay the full amount of the default on this loan by 02/12/2014 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).  Failure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding where applicable, and sale of the property.

The loan is due for 01/01/2011 and subsequent payments, plus late charges, fees and costs. As of today, the total delinquency and reinstatement amount is $130,173.02 which consists of the following:

| | | |
|---|---|---|
| Next Payment Due Date | | 01/01/2011 |
| Total Monthly Payments Due | | $123,140.23 |
| Late Charges | | $0.00 |
| Other Charges: | Uncollected NSF Fees | $0.00 |
| | Other Fees: | $0.00 |
| | Corporate Advance Balance: | $7,032.79 |
| | Unapplied Balance: | ($0.00) |

**TOTAL YOU MUST PAY TO CURE DEFAULT:**          **$130,173.02**

It is possible that after payment of the amounts detailed above there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances that BLS paid on your behalf or advanced to your account.

This letter is a formal demand to pay $130,173.02. If the default, together with additional payments that subsequently become due, is not cured by 02/12/2014, BLS will take steps to terminate your ownership in the property by a foreclosure proceeding or other action to seize the property.

You have the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense to



BR002
Page 2 of 4

2280295809

**EXHIBIT 5**

0000662355 MSP 0000360443 0011953580 6



Bayview Loan Servicing, LLC
62516 Collection Center Drive
Chicago, IL 60693-0625

## Monthly Billing Statement    Page 1 of 4

| | |
|---|---|
| Statement Date | 12/02/2013 |
| Loan Number | 0000662355 |

### Payment Due Information

| | |
|---|---|
| **Payment Due Date** | **01/01/2011** |
| Interest Rate | 6.500% |
| P&I Payment | $105,651.36 |
| Escrow Payment | $13,884.44 |
| Reserve Payment | $0.00 |
| Optional Ins. Payment | $0.00 |
| Assistance | $0.00 |
| Total Payments Due | $119,535.80 |
| Late Charges | $0.00 |
| Unapplied Suspense | $0.00 |
| **Payment Amount Due** | **$119,535.80** |
| Interest Paid to Date | $0.00 |
| Insurance Paid to Date | $2,094.00 |
| Taxes Paid to Date | $350.44 |

12105

Dwight Williams
7608 Aquatic Dr
Arverne, NY 11692-2015

||||||||||||||||||||||||||||||||||||||||||||||||||

**Property Address**
7608  AQUATIC DR
ARVERNE, NY 11692

| | | | | | |
|---|---|---|---|---|---|
| Current Principal Balance* | $440,826.80 | Corporate Advances | $7,021.79 | NSF Balance | $0.00 |
| Escrow Balance | -$14,061.58 | Late Charge Balance | $0.00 | Reserve Balance | $0.00 |

*This is your Principal Balance only, not the amount required to pay your loan in full. Please contact Customer Service for your exact payoff balance. In the event you are in default or foreclosure, you must contact 1.800.457.5105 for payoff information.

### Important Messages

---

▼   *Please detach and return the bottom portion of this statement using the enclosed envelope.*   ▼

**BAYVIEW LOAN SERVICING, LLC**
**62516 COLLECTION CENTER DRIVE**
**CHICAGO, IL 60693-0625**

Please include the loan number on your check. If we cannot clearly associate the check with a single loan, it may delay or prohibit us from crediting your account.

**Borrower  DWIGHT WILLIAMS**
**Loan Number 0000662355**
**Amount $3,604.43**

☐ Check here if your address/telephone number has changed and fill out form on reverse side.

| | Payment Due Date: | 01/01/2011  Payment Amount Due: | $119,535.80 |
|---|---|---|---|
| | If Paid on or After: | 01/16/2011  Payment Amount Due: | $119,594.50 |

||||||||||||||||||||||||||||||
BAYVIEW LOAN SERVICING, LLC
62516 COLLECTION CENTER DRIVE
CHICAGO, IL 60693-0625
||||||||||||||||||||||||||||||

Please indicate additional funds. Any additional funds not specified will be applied as required by your loan documents and applicable law.

| | |
|---|---|
| Additional Principal $ | . |
| Additional Escrow $ | . |
| Other $ | . |
| **Total Amount Sent** $ (Please do not send cash) | . |

Please do not write below this line.   CS060  Servicing Code: MSP

0000662355 MSP 0000360443 0011953580 6

SXJ8286507-00B

 **BAYVIEW**

**Monthly Billing Statement**   Page 3 of 4

Statement Date        12/02/2013
Loan Number          0000662355
DWIGHT WILLIAMS

As of 01/01/2011

| Due Date | Principal & Interest | Escrow | Reserve | Optional Insurance | Assistance | Amount |
|----------|---------------------|--------|---------|--------------------|-----------|--------|
| 01/01/2011 | 2,934.76 | 669.67 | 0.00 | 0.00 | 0.00 | 3,604.43 |

| Date | Description | Principal & Interest | Escrow | Late Charge | Other | Total |
|------|-------------|---------------------|--------|-------------|-------|-------|
| 10/01/2013 | Escrow Advance | 0.00 | 2,094.00 | 0.00 | 0.00 | 2,094.00 |
| 10/11/2013 | Escrow Advance | 0.00 | 131.55 | 0.00 | 0.00 | 131.55 |
| 11/07/2013 | Escrow Advance | 0.00 | 131.55 | 0.00 | 0.00 | 131.55 |

The loan history may not reflect the full detail on your account. If you require a complete history please contact our Customer Service Department at 1.800.457.5105.

# Securely access your account



View your mortgage account information and make payments online or directly from
your mobile device. No app needed – just visit us at **www.bayviewloanservicing.com**



Bayview Loan Servicing, LLC
62516 Collection Center Drive
Chicago, IL 60693-0625
Phone: 1-800-457-5105

**Mortgage Statement**
Statement Date: 11/17/14

www.bayviewloanservicing.com

1675

Dwight Williams
Patricia Clarke
7608 Aquatic Dr
Arveme, NY 11692-2015

ıllıı·ıll·ıll|lıllı·ıllıılıı·lıı·ıllıl·llıllıılllıılıı·lıl

| | |
|---|---|
| Account Number | 662355 |
| Payment Due Date | 12/01/14 |
| **Total Amount Due** | **$162,788.96** |
| If payment is received after 12/16/14, a $58.70 late fee will be charged. | |

## Account Information

| | |
|---|---|
| Outstanding Principal Balance | $440,826.80 |
| Deferred Amount | $0.00 |
| Interest Rate | 6.5% |
| Escrow Balance | -$22,695.01 |
| Late Charge Balance | $0.00 |
| Rec Corp Advance | $10,721.98 |
| Prepayment Penalty | N |
| Unapplied Funds | $0.00 |

## Explanation of Amount Due

| | |
|---|---|
| Principal | $705.04 |
| Interest | $2,229.72 |
| Escrow (Taxes and Insurance) | $669.67 |
| Regular Monthly Payment | $3,604.43 |
| Fees & Charges Assessed | $1,622.69 |
| Past Due Amount | $159,184.53 |
| Optional Insurance | $0.00 |
| **Total Amount Due\*** | **$162,788.96** |

Payments will be applied in order that they become due (oldest first) unless bankruptcy or other court ordered payment plan is in place.
\*Total amount due may not include recoverable fees not yet charged to the account, and may not include unapplied funds/totals not yet applied to the account.

## Transaction Activity (10/17/14 to 11/17/14)

| Date | Description | DEBITS | CREDITS |
|---|---|---|---|
| 10/17 | Property Preservation Disbursement | $14.00 | |
| 11/03 | Attorney Advance Disbursement | $1,050.00 | |
| 11/03 | Statutory Expense Disbursement | $505.00 | |

*Additional Transaction Activity may be found on Page 3

## Past Payments Breakdown

| | Paid Last Bill | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (for Taxes & Insurance) | $0.00 | $0.00 |
| Fees & Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied)\*\* | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Important Messages

\*\***Partial Payments:** Any partial payment that you make is not applied to your mortgage payment, but instead is held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

\*This is your Principal Balance only, not the amount required to pay your loan in full. Please contact Customer Service for your exact payoff balance. In the event you are in default or foreclosure, you must contact 1.800.457.5105 for payoff information.

Your Point of Contact is JOSEPH GOMEZ and can be reached on 855-727-5870.

## \*\*Delinquency Notice\*\*

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 11/17/14 you are 1416 days delinquent on your mortgage.

*Recent Account History:*
Payment due: 06/01/14: Unpaid balance of $3,604.43
Payment due: 07/01/14: Unpaid balance of $3,604.43
Payment due: 08/01/14: Unpaid balance of $3,604.43
Payment due: 09/01/14: Unpaid balance of $3,604.43
Payment due: 10/01/14: Unpaid balance of $3,604.43
Payment due: 11/01/14: Unpaid balance of $3,604.43
Current payment due 12/01/14: $3,604.43
Total: $162,788.96 due. You must pay this amount to bring your loan current.

**If You Are Experiencing Financial Difficulty:** If you need further counseling, you can call the Homeowner's HOPE Hotline at 1.888.995.HOPE (4673) or contact us at http://www.consumerfinance.gov/mortgagehelp/. The Hotline can help with questions about the program and offers free HUD-certified counseling services in English and Spanish.

Please be advised, we have made the first notice or filing required by applicable law to start the judicial or non-judicial foreclosure process.

---

BAYVIEW LOAN SERVICING, LLC
62516 COLLECTION CENTER DRIVE
CHICAGO, IL 60693-0625

Please include the loan number on your check. If we cannot clearly associate the check with a single loan, it may delay or prohibit us from crediting your account.

Borrower DWIGHT WILLIAMS
Loan Number 662355
Monthly Payment Due $3,604.43

| Due By: | **12/01/14** | Total Amount Due: | **$162,788.96** |

*If payment is received after 12/16/14, a $58.70 late fee will be charged.*

BAYVIEW LOAN SERVICING, LLC
62516 COLLECTION CENTER DRIVE
CHICAGO, IL 60693-0625

☐ Check here if your address/telephone number has changed and fill out form on reverse side.

Please do not write below this line.   Servicing Code. MSP

Please indicate additional funds. Any additional funds not specified will be applied as required by your loan documents and applicable law.

| | | |
|---|---|---|
| Additional Principal | $ | . |
| Additional Escrow | $ | . |
| Other _____ | $ | . |
| Total Amount Sent (Please do not send cash) | $ | . |

Make check payable to Bayview Loan Servicing.

0000662355 MSP 0000360443 0016278896 3

Statement Date: 11/17/14

| Account Number | 662355 |
|---|---|
| Payment Due Date | 12/01/14 |
| **Total Amount Due** | **$162,788.96** |

If payment is received after 12/16/14, a $58.70 late fee will be charged.

## Transaction Activity (10/17/14 to 11/17/14)

| Date | Description | DEBITS | CREDITS |
|---|---|---|---|
| 11/03 | Statutory Expense Disbursement | $53.69 | |
| 11/07 | MIP Disbursement | $131.55 | |
| 11/07 | Escrow Advance Deposit | | $131.55 |
| 11/10 | Lien/Tax Authority Disbursements | $2,591.85 | |
| 11/10 | Escrow Advance Deposit | | $2,591.85 |

**New York Property Owners-** As your mortgage servicer, we are registered with the New York Department of Financial Services. You may file complaints about us with the New York Department of Financial Services. You may also obtain additional information from the New York Department of Financial Services by calling the Department's Consumer Help Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov.

**EXHIBIT 6**

SERVED BY CERTIFIED MAIL RECEIPT NO. 7013 2630 0001 0524 7128

Dwight Williams & Patricia Clarke, Consumer Plaintiffs          November 10, 2014
7608 Aquatic Drive
Arverne, New York 11692

BAYVIEW LOAN SERVICING, LLC
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK 12207-2543

RE: Notice of Dispute, Demand for Verification/Validation of Alleged Debt;

We recently received dunning letters from your entity/agency that alleges your position as a servicer for a Mortgage/Deed of Trust/Security Deed allegedly executed with CITIMORTGAGE, INC on or about October 30, 2014. Accordingly, our records reflect you are not, neither have you ever been a known *creditor* of ours, or one that we have conducted any consumer transactions with. Therefore, your identity is unknown to us at this time, and you appear to not be a known party to any transaction that we recall. This requires further information and documentation from you to verify your status and capacity. Therefore, we are respectfully demanding verification or validation of any alleged debt pursuant to 15 USC§1692g, 15 USC§1681, and NEW YORK GBS. LAW§349 respectively. Since you claim to be acting in the capacity of an "alleged servicer" acting in and for an alleged Lender, this notice may be construed as a Qualified Written Request ("QWR") pursuant to 12 USC§2605(e). However, it is our belief that you are concealing your identify as a debt collector, to portray the image of a mortgagee or servicer to which you are neither.

BAYVIEW LOAN SERVICING, LLC is a "debt collector" pursuant to 15 USC§1692a(6),15 USC§1681n, and NEW YORK GBS. LAW§349. Dwight Williams & Patricia Clarke are "consumers" as that term is defined in 15 USC§1692a(3), 15 USC§1681, and NEW YORK GBS. LAW§349. BAYVIEW LOAN SERVICING, LLC is not a *creditor*, and we have not applied for, neither received any services or credit with your particular agency. Additionally, we have noticed your agency obtained our consumer credit (inquiry) reports on or about July 9, 2013 . Therefore, your intrusion in our personal credit files constitutes a willful and negligent violation of 15 USC§1681q which would also be a criminal offense (felony) punishable under TITLE 18 USC, the penalty being a fine and or two years imprisonment.

In light of the foregoing, please provide a certified true alleged original genuine executed contract/agreement that memorializes the transaction between you and us that supports your alleged debt. If your debt collection firm is unable to provide a sufficient legal basis for your illegal intrusion to our credit files, erroneous credit reporting, and dunning

SERVED BY CERTIFIED MAIL RECEIPT NO. 7013 2630 0001 0524 7128

letters demanding payment, we will bring suit against your agency for violations of federal and state consumer protection laws without further notice. Therefore, this notice can be construed as a Notice of Intent to bring such action if your response does not support a legal/legitimate debt "owed" to your agency. In concluding, you are required to respond within five (5) business days to our requests, should you fail to timely respond, and or proffer a non- response, a suit will be filed in the appropriate court. Also, you must contact TRANSUNION, EQUIFAX & EXPERIAN and remove the illegal credit reporting immediately.

Regards,
Consumer Plaintiffs

cc: file

USPS.com® - USPS Tracking™                    https://tools.usps.com/go/TrackConfirmAction.act...



English        Customer Service        USPS Mobile

**USPS.COM**

Search USPS.com or

Quick Tools            Ship a Package        Send Mail

# USPS Tracking™

**Tracking Number: 70132630000105247128**

7013 2630 0001 0524 7128

**Expected Delivery Day: Wednesday, November 12, 2014**

## Product & Tracking Information

**Postal Product:**          **Features:**
First-Class Mail®            Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| November 12, 2014 , 9:38 am | Delivered | ALBANY, NY 12207 |

Your item was delivered at 9:38 am on November 12, 2014 in ALBANY, NY 12207.

| | | |
| --- | --- | --- |
| November 12, 2014 , 8:28 am | Departed USPS Facility | ALBANY, NY 12288 |
| November 11, 2014 , 4:59 pm | Arrived at USPS Facility | ALBANY, NY 12288 |
| November 11, 2014 , 12:35 am | Departed USPS Origin Facility | NEW YORK, NY 10199 |
| November 10, 2014 , 11:15 pm | Arrived at USPS Origin Facility | NEW YORK, NY 10199 |
| November 10, 2014 , 12:41 pm | Departed Post Office | JAMAICA, NY 11430 |
| November 10, 2014 , 9:45 am | Acceptance | JAMAICA, NY 11430 |

**EXHIBIT 7**

 **BAYVIEW**

November 26, 2014

Dwight Williams
Patricia Clarke
7608 Aquatic Dr
Arverne, NY 11692

RE: Loan Number 0000662355       Property Address: 7608 Aquatic Dr
    Case Number: 634339                            Arverne NY 11692

Dear Customer:

We have received your inquiry regarding the above referenced mortgage
loan.

Please be assured that your inquiry will be reviewed promptly as it
is our goal to provide excellent customer service.

If you have any questions, please contact our Customer Support
Department Monday-Friday 8:00 a.m.-9:00 p.m. ET by using our toll-
free number at (800) 457-5105.

Sincerely,

Bayview Loan Servicing, LLC
Customer Support Department

Bayview Loan Servicing, LLC is a debt collector. This letter is an
attempt to collect a debt and any information obtained will be
used for that purpose. To the extent that your obligation has
been discharged or is subject to an automatic stay of bankruptcy
this notice is for compliance and informational purposes only and
does not constitute a demand of payment or any attempt to collect
such obligation.

**The following mailing address must be used for all Error Notices &
Information Requests: Bayview Loan Servicing, LLC, Customer Support,
4425 Ponce de Leon Boulevard, 5th Floor, Coral Gables, FL 33146.**

CS002 Acknowledgement Letter  111114 017 V 1.4 0000662355
Letter Name-Acknowledgement Letter                     1 of 1

**EXHIBIT 8**

Case 1:14-cv-07427-KAM-LB   Document 1   Filed 12/22/14   Page 44 of 52 PageID #: 44



**▶ Print This Page**    **▶ Close Window**

## Equifax Credit Report ™ for Dwight A. Williams

As of: 11/09/2014
Available until: 12/09/2014
Confirmation #: 4813395876

**Report Does Not Update**

| Section Title | Section Description |
|---|---|
| 1. Credit Summary | Summary of account activity |
| 2. Account Information | Detailed account information |
| 3. Inquiries | Companies that have requested or viewed your credit information |
| 4. Negative Information | Bankruptcies, liens, garnishments and other judgments |
| 5. Personal Information | Personal data, addresses, employment history |
| 6. Dispute File Information | How to dispute information found on this credit report |

## Credit Summary

Your Equifax Credit Summary highlights the information in your credit file that is most important in determining your credit standing by distilling key credit information into one easy-to-read summary.

### Accounts

Lenders usually take a positive view of individuals with a range of credit accounts - car loan, credit cards, mortgage, etc. - that have a record of timely payments. However, a high debt to credit ratio on certain types of revolving (credit card) accounts and installment loans will typically have a negative impact.

| Open Accounts | Total Number | Balance | Available ⇅ | Credit Limit ⇅ | Debt to Credit Ratio | Monthly Payment Amount ⇅ | Accounts with a Balance |
|---|---|---|---|---|---|---|---|
| Mortgage | 0 | $0 | N/A | N/A | N/A | $0 | 0 |
| Installment | 1 | $317 | $13,695 | $14,012 | 2% | $359 | 1 |
| Revolving | 0 | $0 | N/A | N/A | N/A | $0 | 0 |
| Other | 0 | $0 | N/A | N/A | N/A | $0 | 0 |
| Total | 1 | $317 | $13,695 | $14,012 | 2% | $359 | 1 |

## Debt by Account Type

Equifax Personal Solutions: Credit Reports, Credi...                    https://www.econsumer.equifax.com/otc/viewPo...

| Account Name | Account Number | Date Opened | Balance | Date Reported ↻ | Past Due | Status ↻ | Credit Limit |
|---|---|---|---|---|---|---|---|
| BAYVIEW LOAN SERVICI | 628000066XXXX | 10/17/2006 | $440,826 | 11/05/2014 | $159,184 | 120+ DAYS PAST DUE | |

**BAYVIEW LOAN SERVICING**
2601 S BAYSHORE DR 4TH FL
MIAMI, FL-33133
(305) 341-3654

| | | | |
|---|---|---|---|
| Account Number: | 628000066XXXX | Status: | 120+ DAYS PAST DUE |
| Account Owner: | Joint Account | High Credit: | $464,310 |
| Type of Account ?: | Mortgage | Credit Limit: | |
| Term Duration: | 30 Years | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 10/17/2006 | Balance: | $440,826 |
| Date Reported: | 11/05/2014 | Amount Past Due: | $159,184 |
| Date of Last Payment: | 12/2010 | Actual Payment Amount: | |
| Scheduled Payment Amount: | $3,285 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | | Months Reviewed: | 13 |
| Creditor Classification: | | Activity Designator: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Conventional RE Mortgage |
| Date of First Delinquency: | 01/2011 | | |
| Comments: | Foreclosure process started, 180 Days past due | | |

**81-Month Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | 180 | 180 | 120 | 180 | 180 | 180 | 180 | 180 | 180 | 180 | | |
| 2013 | * | * | * | * | * | * | * | * | * | 180 | 180 | 180 |
| 2012 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2011 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2010 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2009 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2008 | | * | * | * | * | * | * | * | * | * | * | * |

# Credit Cards, Loans & Other Debt

Here you will find specific information on each account you opened, including current status and any past due information. Positive credit information remains on your report indefinitely. Creditor contact information has been provided in order to make it easier for you to resolve any issues.

## BAYVIEW FINANCIAL LOAN

**:::Experian**

**Potentially Negative**

*800-457-5105*

4425 PONCE DE LEON BLVD
CORAL GABLES, FL 33146

| | |
|---|---|
| Account Name | BAYVIEW FINANCIAL LOAN |
| Account # | 628000066XXXX |
| Account Type | Conventional Real Estate Loan, Including Purchase Money First |
| Balance | $440,826.00 |
| Past Due | $159,184.00 |
| Date Opened | 10/1/2006 |
| Account Status | Open |
| Mo. Payment | $3,285.00 |
| Payment Status | Foreclosure proceeding started |
| High Balance | |
| Limit | |
| Terms | 360 Months |
| Comments | |

**Equifax** — — **TransUnion** —

### What's missing from this picture?

See your Experian®, Equifax® and TransUnion® Credit Reports and Scores at a special "Members Only" price.

**Log in Now!**
www.FreeCreditReport.com

### 24/Mo Payment History

| Month | 2012 DEC | 2013 JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | 2014 JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Experian | | | | | | | | | | | | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | RF |

 Trans**Union.**   Online Dispute Service

## Updated Credit File

| Credit File Details | | |
| --- | --- | --- |
| **CURRENT FILE** | **FILE NUMBER** 318966696<br>**REPORT DATE** 11/09/2014 | **NAME** DWIGHT ANTHONY WILLIAMS<br>**ADDRESS** 7608 AQUATIC DR<br>ARVERNE, NY 11692-2015 |

You may see that TransUnion has enriched your credit report with additional personal and financial information not previously retained in our production database. This data can enable you and your creditors to see a more complete picture of how you have managed your credit over time.

### Personal Information

SSN:          XXX-XX-9313
Your SSN has been masked for your protection.
Names Reported:
DWIGHT ANTHONY WILLIAMS

You have been on our files since 06/01/1996
Date of Birth: 12/08/1957

### Addresses Reported

| Address | Date Reported |
| --- | --- |
| 7608 AQUATIC DR, ARVERNE, NY 11692-2015 | 12/01/2006 |

**Rating Key:**

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

**Remarks Key:**

Additionally, some creditors may notate your account with comments each month. We refer to these creditor comments as 'Remarks'. The key below gives the descriptions of the abbreviated remarks contained in your credit file. Any remark containing brackets > < indicates that this remark is considered adverse.

AID ACCT INFO DISPUTED BY CONSUMR       AND AFFCTD BY NTRL/DCLRD DISASTR       CAD DISPUTE ACCT/CLSED BY CONSUMR
CBG CLOSED BY CREDIT GRANTOR            PAL PURCHASED BY ANOTHER LENDER        >PRL< UNPAID BALANCE CHARGED OFF
TRF TRANSFERRED TO ANOTHER OFFICE       TRL TRANSFERRED TO ANOTHER LENDER

## Adverse Accounts

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled.

### BAYVIEW LOAN SERVICING  #628000066****

4425 PONCE DE LEON
5TH FLOOR
CORAL GABLES, FL 33146
(800) 457-5105

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 10/17/2006 | Date Updated: | 10/06/2014 | Pay Status: | >Account 120 Days Past Due Date< |
| Responsibility: | Joint Account | Payment Received: | $0 | | |
| Account Type: | Mortgage Account | Last Payment Made: | 12/01/2010 | Terms: | $3,285 per month, paid Monthly for 360 months |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | | | | >Maximum Delinquency of 120 days in 10/2013 for $112,326 and in 10/2014 for $155,580< |

High Balance: High balance of $464,310 from 10/2013 to 10/2014
Estimated month and year that this item will be removed: 12/2017

| | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 |
|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $440,826 | $440,826 | $440,826 | $440,826 | $440,826 | $440,826 | $440,826 | $440,827 | $440,826 | $440,826 |
| Scheduled Payment | $3,285 | $3,285 | $3,285 | $3,285 | $3,285 | $3,285 | $3,285 | $3,285 | $3,285 | $3,285 |
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Past Due | $155,580 | $151,975 | $148,371 | $144,766 | $141,162 | $137,557 | $133,953 | $130,349 | $126,744 | $123,140 |
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |

| | 12/2013 | 11/2013 | 10/2013 |
|---|---|---|---|
| Balance | $440,826 | $440,826 | $440,826 |
| Scheduled Payment | $3,285 | $3,285 | $3,285 |
| Amount Paid | $0 | $0 | $0 |
| Past Due | $119,535 | $115,931 | $112,326 |
| Rating | 120 | 120 | 120 |

**EXHIBIT 9**

**SUPREME COURT OF THE STATE OF**
**NEW YORK, COUNTY OF QUEENS**
———————————————————X

BAYVIEW LOAN SERVICING, LLC,                          Index No. 707826-2014

ALLEGED PLAINTIFF,

vs.                                                  **AFFIDAVIT OF VERIFIED FACTS**
                                                     **BY DEFENDANTS IN ERROR**
Dwight A. Williams, Patricia Clarke

Defendants in Error.
———————————————————X

Defendants in Error pursuant to 15U.S.C. §1692a, e, g, inter alia, of Fair Debt Collection

Practices Act (FDCPA) and NEW YORK STATE (NYS) DEPARTMENT OF STATE DIVISION

OF CONSUMER PROTECTION GENERAL BUSINESS LAW (GBS.LAW), hereby disputes

the debt BAYVIEW LOAN SERVICING, LLC, ("Debt Collector") claims owed in the above

titled matter and further demands immediate dismissal.

1) BAYVIEW LOAN SERVICING, LLC, is a "debt collector" as defined in 15U.S.C. §1692a(6),

15USC §1681n, and NYS GBS.LAW §349, and definitely not a creditor as misrepresented to the

Court.

2) Dwight A. Williams and Patricia Clarke, are "consumers" as that term is defined in 15 USC

§1692a(3), 15USC §1681, and NYS GBS LAW §349.

3) BAYVIEW LOAN SERVICING, LLC, is not a _creditor_, and Defendants in Error have not

applied for, nor received any services nor credit from BAYVIEW LOAN SERVICING, LLC.

4) Accordingly, the Defendants in Error records reflect that BAYVIEW LOAN SERVICING,

LLC, a non-bank servicer, is not, nor ever been a known _creditor_ of Defendants in Error, nor one

that has ever conducted any consumer transactional business. Therefore, their identity is

1

unknown at this time, and they appear not to be a known party to any transaction that is recalled. Moreover, they have refused all attempts for their determination, which is a "due process" rights violation as a matter of law.

5) Therefore, this false attempt to compel Defendants in Error to answer an alleged claim of debt owed, sit in conference with some unknown party misrepresenting themselves as an alleged creditor, when they in fact are a debt collector, is a continuation of the "due process" rights violations, pursuant to the above laws.

**WHEREFORE**, demanded relief is the immediate dismissal with prejudice of this action for lack of standing, legal capacity to sue and defective instrument, including attorneys fees, costs, fees and all other relief the Court deems fit.

<strong>EXECUTED PURSUANT TO 28 U.S.C. §1746(1).</strong>

Dated: _November 24, 2014_  _Dwight A. Williams_
           Dwight A. Williams, Defendant in Error

Dated: _November 24, 2014_  _Patricia Clarke_
           Patricia Clarke, Defendant in Error

We the above, certify that the above document styled Affidavit of Verified Facts was served upon KNUCKLES, KOMOSINSKI & ELLIOTT, LLP, agent for the Alleged Plaintiff named below by personal hand delivery or by certified mail upon agent named below under the care and custody of the UNITED STATES POSTAL SERVICE RECEIPT NO. 7013 2630 0001 0524 7142:

BAYVIEW LOAN SERVICING, LLC,
C/O KNUCKLES, KOMOSINSKI & ELLIOTT, LLP
565 TAXTER ROAD, SUITE 590
ELMSFORD, NY 10523

2

USPS.com® USPS Tracking™                                    https://tools.usps.com/go/TrackConfirmAction.act...



**USPS.COM**

7013 2630 0001 0524 7142

# USPS Tracking™

**Tracking Number:** 70132630000105247142

7013 2630 0001 0524 7142

**On Time**
**Expected Delivery Day:** Wednesday, November 26, 2014

## Product & Tracking Information

**Postal Product:** | **Features:**
First-Class Mail® | Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| November 26, 2014 , 10:53 am | Delivered | ELMSFORD, NY 10523 |

Your item was delivered at 10:53 am on November 26, 2014 in ELMSFORD, NY 10523.

| | | |
| --- | --- | --- |
| November 26, 2014 , 7:53 am | Arrived at Unit | ELMSFORD, NY 10523 |
| November 25, 2014 , 11:51 pm | Departed USPS Facility | WHITE PLAINS, NY 10610 |
| November 25, 2014 , 2:01 pm | Arrived at USPS Facility | WHITE PLAINS, NY 10610 |
| November 25, 2014 , 4:25 am | Departed USPS Facility | MELVILLE, NY 11747 |
| November 24, 2014 , 11:01 pm | Arrived at USPS Origin Facility | MELVILLE, NY 11747 |
| November 24, 2014 , 3:31 pm | Acceptance | MINEOLA, NY 11501 |

## Track Another Package

Tracking (or receipt) number

Track It